**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

JOHN HICKS                                                                                    PLAINTIFF

v.                                          2:22-cv-00046-BSM-JJV

KEITH FINCH,
Police Chief, Dumas, *et al.*                                              DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller.   Any party may serve and file written objections to this Recommendation.   Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.     **INTRODUCTION**

John Hicks has filed a *pro se* Amended Complaint seeking relief pursuant to 42 U.S.C. § 1983.  (Doc. 5.)   Plaintiff says that, while he was in the Dumas City Jail, Defendants Chief of Police Keith Finch, Chief Jailer Kantrice Anderson, Correctional Officer Carolyn Reed, and Jail Administrator Stephanie Harrison subjected him to inhumane conditions of confinement by forcing him to take cold showers; failing to fix a broken skylight in his pod; limiting his access to soap, tooth paste and cleaning supplies; and having expired items for sale in the commissary.   (*Id.*) All other claims and Defendants have been dismissed without prejudice.   (Doc. 9.)

Defendants have filed a Motion for Summary Judgment arguing Plaintiff's claim should

be dismissed without prejudice because he failed to properly exhaust his available administrative remedies.  (Docs. 27-29.)   Plaintiff has not filed a Response, and the time to do so has expired. Thus, the facts in Defendants' Statement of Undisputed Facts are deemed admitted.  *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001).   After careful consideration and for the following reasons, I recommend the Motion be GRANTED, the Amended Complaint be DISMISSED without prejudice, and this case be CLOSED.

## II.    SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.   Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).   When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.   *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.   *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.   *Id.* (citations omitted).   A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.   *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).   Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.   *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465

(8th Cir. 2010).

## III.    ANALYSIS

### A.        The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."    42 U.S.C. § 1997e(a).    The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court.    *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).    Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."    *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.    *Id.*

### B.    The Dumas City Jail's Exhaustion Procedure

The Dumas City Jail's Rules and Regulations provide that any "inmate having a request, problem or complaint concerning policy, practices, rules, treatment conditions, or exercise of authority" must present their problem in a written grievance given to the "jailor on duty," who

must "deal with the complaint without undue delay."[1]    (Doc. 28-2 at 19.)    Grievances may be handwritten or filed on the electronic kiosk.    (*Id.;* Doc. 28-3; Doc. 28-4.)    If the inmate is dissatisfied with the jailor's response, he or she must contact the Jail Administrator, who will resolve the issue or refer it to the Chief of Police.    (*Id.*)    If the inmate is still dissatisfied, he or she can request a hearing with the Chief of Police and a supervisor.    (*Id.*)    The hearing will be held as soon as possible and action must be taken within three working days of the hearing.    (*Id.*)    This marks the end of the grievance procedure.

## C.    Plaintiff's Grievances

Plaintiff was in the Dumas City Jail from November 24, 2021 to March 11, 2022.    (Doc. 28-1.)    According to the affidavits of Jail Administrator Anderson and Chief of Police Finch, Plaintiff filed fourteen grievances during that four-month period.    (Doc. 28-3, Doc. 28-4.)    None of them raised concerns about inadequate hygiene and cleaning supplies, expired commissary items, or broken skylights.    (*Id.*)    Defendants say, that on December 6, 2021, Plaintiff filed a grievance about not having hot water in the shower.    (*Id.*)    Jail Administrator Anderson explains she resolved the issue by taking Plaintiff, and the other inmates on the third floor, to the first floor where showers with hot water were available.    (*Id.*)    Defendants claim that, thereafter, Plaintiff did not request a hearing or appeal to Chief of Police Finch as he was required to do by the jail's grievance policy.    (*Id.*)

Plaintiff has not offered any contrary evidence, and my review of the provided grievances Defendants' assertions.    (Doc. 28-5.)    Thus, I conclude Plaintiff failed to properly comply with the jail's grievance procedure.    *See Kozohorsky v. Harmon*, 332 F.3d 1141, 1143 (8th Cir. 2003)

---

[1]    Inmates receive the grievance policy when they enter the jail, and it is posted in several places in the facility.    (Doc. 28-3.)

("When multiple prison condition claims have been joined . . . the plain language of § 1997e(a) requires that <u>all</u> available prison grievance remedies must be exhausted as to all of the claims") (emphasis in the original); *Porter v. Sturm,* 781 F.3d 448, 449, 452 (8th Cir. 2015) ("[d]ismissal without prejudice is mandatory" when prisoners do not complete the final stage of grievance process).

Additionally, there is no evidence that administrative remedies were unavailable to Plaintiff. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust only "available" administrative remedies); *Ross v. Blake*, 578 U.S. 632, 644 (2016) (administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). To the contrary, the fourteen grievance forms in the record demonstrate Plaintiff was aware of the jail's grievance procedure. For these reasons, I conclude Plaintiff failed to properly exhaust his available administrative remedies. Accordingly, his claims against Defendants should be dismissed without prejudice. *See Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

That being said, I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the

contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.    Defendants' Motion for Summary Judgment (Doc. 27) be GRANTED, Plaintiff's claims against Defendants Finch, Anderson, Reed, and Harrison be DISMISSED without prejudice, and this case be CLOSED.

2.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 19th day of September 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE